UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 JUL -8 AM 10: 03

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| CAROL CLEMONS | ] |
| Plaintiff, | ] |
| vs. | ] |
| ADVANTAGE SALES & MARKETING; also d/b/a ADVANTAGE SALES OF ALABAMA, INC., | ] Case No. CV 01 BE-3133-S |
| Defendant. | ] |

ENTERED
JUL - 8 2003

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion for Summary Judgment (Doc. 25). The court, having considered the briefs and evidentiary submissions on this motion, finds that Defendant's Motion for Summary Judgment (Doc. 25) is due to be DENIED IN PART and GRANTED IN PART.

**I.   Plaintiff's Title VII Disparate Treatment Claims (Count I)**

The court finds that genuine issues of material fact exist on some, but not all, of Plaintiff's claims of disparate treatment under Title VII. Plaintiff claims that Defendant demoted her from a supervisory position, paid her less than similarly situated male employees, and denied her terms and privileges of employment because of her sex.

To establish a prima facie case of discrimination in discipline or demotion, Plaintiff must show that : 1) she belongs to a protected minority; 2) she experienced an adverse job

1

43

action; 3) she was treated less favorably than similarly situated persons outside of the protected minority (or, in the case of demotion, was replaced by a person outside the protected class); and 4) she was qualified for her position. *See* Jones v. Bessemer Carraway Med. Ctr., 137 F.3d 1306, 1310 (11th Cir. 1998), *opinion modified by* 151 F.3d 1321 (11th Cir. 1998). Plaintiff has presented sufficient evidence to withstand summary judgment because she has established a *prima facie* case by showing that she was 1) a member of a protected class–female; 2) she suffered from an adverse employment action–demotion; 3) she was qualified for the position; and 4) she was treated differently than similarly-situated male employees when they voiced or wrote responses to clients/principals.

Because Plaintiff established a *prima facie* case, Defendant must then articulate a legitimate, nondiscriminatory reason for its adverse employment action. *See* McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Defendant asserts that Plaintiff cannot present sufficient evidence to create a question of fact as to whether Plaintiff's gender was a factor in its decision to demote Plaintiff from Retail Supervisor to Retail Sales Representative. Defendant further proffers that it demoted Plaintiff because she wrote a letter to Nestle and a representative of Nestle complained to Charles Reid. The court finds that the underlying facts, when viewed in the light most favorable to the nonmoving party, support the proposition that Defendant's alleged nondiscriminatory reason for demoting Plaintiff is pretext because such facts supporting Defendant's reason are riddled with inconsistencies.

When Defendant first wrote its response to the EEOC in defense of Plaintiff's charge, Defendant argued that a Nestle executive complained to Wayne Junkins about Plaintiff's letter. However, Mr. Junkins later testified that he was not even aware of who

from Nestle complained. Also, Mr. Junkins testified that he learned from his conversation with Mr. Reid that someone from Nestle called Mr. Reid about Plaintiff's letter. According to Mr. Junkins, he was not the decisionmaker with regard to Plaintiff's demotion, but that decision was made by Mr. Reid. However, according to Mr. Junkins' supervisor, Greg Phillips, Mr. Junkins made the decision to demote Plaintiff. Further, according to Mr. Reid, the recommendation was made to him to demote Plaintiff from Supervisor and Mr. Junkins was involved in the decision process. Lastly, Mr. Reid finally admitted that Plaintiff was demoted from Supervisor because of lack of performance and that he didn't talk to Mr. Hogan or Mr. Foreman about the letter she wrote. A showing that a defendant has lied about the reasons for his acts–that he had a "dishonest belief" in the reasons–can be strong evidence that a defendant has acted with discriminatory intent. *See* <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 120 S. Ct. 2097, 2108 (2000). The above inconsistencies, when viewed in the light most favorable to the Plaintiff, requires that summary judgment be DENIED on Plaintiff's demotion and disparate discipline and pay claims.

The court, however, finds that Plaintiff has failed to produce substantial evidence relating to some allegations in her Title VII disparate treatment claims stated in Count I. In addition to alleging that Defendant demoted her from a supervisory position, paid her less, and disciplined her more harshly than similarly situated male employees, Plaintiff also claims that she was excluded from a business trip that she earned while she was a supervisor and that her territory was changed many times by Mr. Junkins in a disparate manner.

Defendant has articulated legitimate, nondiscriminatory reasons regarding Plaintiff's exclusion from the business trip and territory changes. In Plaintiff's Opposition to

3

Defendant's Motion for Summary Judgment (Doc. 29), Plaintiff failed to address the above issues and provided no support for a Title VII disparate treatment claim based on the above two complaints. Thus, the court hereby GRANTS IN PART Defendant's Motion for Summary Judgment (Doc. 25) on Plaintiff's Title VII disparate treatment claim, dismissing Plaintiff's claims based on Plaintiff's exclusion from a business trip as well as her frequent territory changes. Only Plaintiff's Title VII disparate treatment claim in based on demotion and disparate discipline and pay claims remain in Count I.

**II.     Plaintiff's Retaliation Claims (Count II)**

To establish a prima facie case of retaliation under Title VII, a plaintiff must prove the following elements: 1) she participated in an activity protected by Title VII; 2) she suffered an adverse employment action; and 3) a causal connection exists between the participation in the protected activity and the adverse employment decision. *See* Gupta v. Florida Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000). In this case, Plaintiff lodged a complaint with the EEOC, which is statutorily protected expression, and her salary was reduced; therefore, Plaintiff can establish a Title VII retaliation violation only if she can show the required causal nexus between the activity and her adverse employment decision. *See* Rollins v. State of Fla. Dept. of Law Enforcement, 868 F.2d 397, 400 (11th Cir. 1989).

Plaintiff has shown this court that she filed an EEOC Charge of Discrimination with the EEOC on or about November 8, 2000. On March 13, 2001, Defendant notified Plaintiff that, effective April 1, 2001, her salary would be reduced by $4,767.40. The court finds that the above two undisputed facts satisfy the first two elements of Plaintiff's *prima facie* retaliation case. Concerning the third element of a prima facie retaliation claim, the Eleventh

Circuit has stated:

> This Court has interpreted the causal link requirement broadly; a Plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated.

E.E.O.C. v. Reichhold Chemicals, Inc., 988 F.2d 1564, 1571-72 (11th Cir. 1993)(citing Simmons v. Camden Cty. Bd. of Educ., 757 F.2d 1187, 1189 (11th Cir. 1985), *cert. denied*, 474 U.S. 981 (1985)).

Plaintiff has shown the court that Barbara Allen, Defendant's Regional Director of Human Resources, was involved in the decision to reduce Plaintiff's salary. Ms. Allen testified that she had a conversation with someone about reducing Plaintiff's pay, but that she could not recall the name of the person. This court accepts as a reasonable inference that Ms. Allen, in her capacity as Regional Director of Human Resources, is generally aware of the company's ongoing litigations, including Plaintiff's claims of employment discrimination. Thus, this court finds that Plaintiff has established a *prima facie* case of retaliation.

Because this court finds that Plaintiff established a *prima facie* case, Defendant must articulate a legitimate, nondiscriminatory reason for its adverse employment action. *See* McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). This court recognizes that, in discrimination cases, an employer's true motivations are very difficult to ascertain. *See* United States Postal Serv. Bd. of Gov. v. Aikens, 460 U.S. 711, 716 (1983). However, the United States Supreme Court has held that the fact finder's disbelief of reasons put forward by the Defendant may, together with elements of the *prima facie* case, suffice to show intentional discrimination. *See* Reeves v. Sanderson Plumbing Prod. Inc., 530 U.S. 133, 120 S. Ct. 2097, 2108 (2000). In this case, the myriad of factual determinations generally make

5

summary judgment inappropriate for some claims.

In this case, Defendant argues that Plaintiff's salary was reduced in an effort to reduce costs and because the company had a legitimate concern about profitability. Defendant claims that all employees' salaries were reviewed and that some salaries were reduced.

The court finds that Plaintiff has presented sufficient evidence to establish the existence of a genuine issue of material fact by demonstrating that Defendant's articulated legitimate, nondiscriminatory reason is pretext. According to Defendant, Plaintiff and Mr. Dawkins were the only two employees identified as having their salaries reduced in the spring of 2001. Defendant represented to the EEOC in one of its position statements filed with that agency the following:

> During the first quarter of 2001, business conditions required that the company reduce significantly its expenses on the Winn-Dixie team. In March 2001, 36 employees were laid off. In addition, the salaries of two highly paid employees, [Plaintiff] and Sidney Dawkins, were adjusted, to bring them more in line with the other employees on the Winn-Dixie team. [Plaintiff's] salary was reduced from $34,486 to $29,712 or a reduction of approximately 14%. She remains the highest paid retail salesperson on the Winn-Dixie team. Mr. Dawkins' salary was reduced from $42,900 to $38,000, again a reduction of approximately 14%. [Plaintiff] was treated exactly the same as Mr. Dawkins, and she was not affected by the lay off...

Pl. Exh. "Debbie Reid Depo."[1]

Plaintiff has produced evidence to show that Defendant may have reduced Mr. Dawkin's salary merely "on paper" at the time Mr. Dawkins negotiated his retirement from the company. Mr. Dawkins retired from Defendant in April 2001. In consideration for Mr.

---

[1]This court recognizes that counsel for Defendant submitted this response to the EEOC; however, Debbie Reid, Human Resources Manager for Defendant, actually reviewed the document during her deposition and testified that the information was true and correct.

Dawkins' agreement to retire, Defendant paid Mr. Dawkins $11,000.00, with the additional provision that Mr. Dawkins shall keep the terms of the agreement confidential. Thus, this court finds that Defendant's argument that Mr. Dawkins "was treated exactly the same as" Plaintiff fails because Plaintiff has shown that Defendant did not treat Plaintiff and Mr. Dawkins similarly. Further, Plaintiff demonstrated that Bob Tillery, another male supervisor with an equally long history with Defendant as Mr. Dawkins, retired at or near the same time as Mr. Dawkins and Mr. Tillery did not receive a severance payment like Mr. Dawkins.

Lastly, Plaintiff has presented evidence that Mr. Junkins, Director of Retail and an employee with Defendant since 1984, whose responsibilities include hiring, firing, and salary evaluations, has never been involved in decreasing anyone's compensation. Similarly, Mr. Reid has no knowledge of ever reducing any person's salary from one level to another other than reducing Mr. Dawkins' pay.

In viewing the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party, this court finds that reasonable minds could differ on the inferences arising from Defendant's inconsistencies and other facts in this case. Therefore, the court hereby DENIES IN PART Defendant's Motion for Summary Judgment (Doc. 25) on Plaintiff's retaliation claim relating to her salary reduction.

The court, however, finds that Plaintiff has failed to produce substantial evidence relating to some allegations in her retaliation claim. In addition to a reduction in pay, Plaintiff also claims that Defendant retaliated against her by taking the following actions after she filed an E.E.O.C. charge: 1) her territory was changed; 2) her weekly gas allotment was set at $9.00; and 3) she was not allowed to return to work with restrictions after being absent

on workers' compensation leave.

Defendant has articulated legitimate, nondiscriminatory reasons regarding Plaintiff's change in gas allowance and territory and her return to work with restrictions. In Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 29), Plaintiff failed to address the above issues and provided no support for a retaliation claim based on the above three complaints. Thus, the court hereby GRANTS IN PART Defendant's Motion for Summary Judgment (Doc. 25) on Plaintiff's retaliation claims, dismissing Plaintiff's claims based on Plaintiff's territory and gas allowance changes, as well as her return to work with restriction allegation. Only Plaintiff's retaliation claim in Count II based on her reduction in salary remains.

### III. Plaintiff's Negligent Hiring, Training, Supervision, and Retention Claim (Count III)

Plaintiff asserts that Defendant was negligent in the hiring, training, supervision, and retention of Mr. Junkins. To recover under a theory of negligent hiring, training, supervision, or retention Plaintiff must show by "affirmative proof" that the alleged incompetence of the employee was actually known to the employer or that the alleged incompetence was discoverable by the employer if it had exercised care and proper diligence. *See* Thompson v. Havard, 235 So. 2d 853, 858 (Ala. 1970). Plaintiff must point to specific acts of incompetence by Mr. Junkins to meet her burden. *See, e.g.,* Mills v. Wex-Tex Indus., Inc., 991 F. Supp. 1370, 1388 (M.D. Ala. 1997); Machen v. Childersburg Bancorporation, Inc., 761 So. 2d 981, 986 (Ala. 2000) ("It is incumbent on the party charging negligence to show it by proper evidence . . . by showing specific acts of incompetence, and bringing them home to

the knowledge of the master, or by showing them to be of such a nature, character, and frequency that the master, in the exercise of due care must have had them brought to his notice."(citations omitted)); Mardis v. Robbins Tire & Rubber Co., 669 So. 2d 885, 889 (Ala. 1995).

The court finds that Plaintiff's claim that Defendant was negligent in the hiring, training, supervision, and retention of Mr. Junkins fails. Plaintiff has shown absolutely no evidence to support her contentions. Plaintiff has failed to show the court that Defendant knew or should have known that Mr. Junkins was "incompetent." In fact, Plaintiff omitted any discussion of this claim in Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 29). Therefore, the court hereby GRANTS IN PART Defendant's Motion for Summary Judgment (Doc. 25) and hereby dismisses Plaintiff's claim for negligent hiring, training, supervision, and retention (Count III).

A separate order that summarizes the decisions of this memorandum opinion has been filed simultaneously with the clerk of court.

DONE and ORDERED this 7th day of July, 2003

KARON O. BOWDRE
United States District Judge